NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

NELLIE RAYMAR, PETITIONER, v. SAMUEL ADOLFF,
RESPONDENT.

### Dispute as to Amount of Wages—Overtime—Proper Basis of Compensation Determined.

On determination of facts and rule for judgment.

This is a workmen's compensation case coming on for hearing in New Brunswick on December 8th, 1926, after due notice to Freeman Woodbridge, counsel for the petitioner, and the Maryland Casualty Company, the insurers, for the respondent, at which hearing no one appeared for the defendant.

From the testimony taken at the hearing, it appears that the only question at issue is the wages upon which the compensation rate should be calculated. The testimony of the wife of the decedent was that he was being paid $48 per week, which wage he had been getting for about a year. This claim was corroborated by the respondent, who testified that this was so, and further explained that the deceased previously was receiving $45, the sum paid other employes, but that opportunity to take on additional business occurred, which could only be cared for by Mr. Raymar's coming to work early. Adolff agreed to pay Raymar an additional $3 a week, and the latter accepted the agreement.

According to counsel for the petitioner, the insurance carrier was willing to pay compensation on the basis of a weekly wage of $45 only, claiming that the extra $3 was for overtime. A reference to the state—paragraph 23 (g)—should determine this question. A careful reading of this section of the law shows that the ordinary custom in vogue at the time must determine the weekly wage, whether it be fixed by the hour, day or week. In the present case it was the

custom for the employer to pay this employe $48, and the compensation rate must be based on that figure.

A study of the various amendments to the Compensation act will show that the original act of 1911 contained no reference to overtime. The amendment of 1913 prescribed that in calculating the weekly wage in connection with piece work, overtime must be excluded. In 1919 this provision of the law was stricken out, and in the statute as it stands to-day, there is no authority for excluding overtime, consequently, no citation of cases occurring between 1913 and 1919 can have any control of this issue, and compensation in this case must be based on a wage of $48.

Inasmuch as the respondent was present at the hearing, and the facts of employment, fatal accident therein, and dependency were established by his testimony and that of the petitioner, it is, therefore, on this 6th day of January, 1927, ordered that compensation be paid the petitioner by the respondent or his insurance carrier, at the rate of $17 per week for three hundred weeks, following which the rate shall be $16.80 for the next ensuing two hundred and forty-two and three-sevenths weeks, at which time Agnes Raymar will reach the age of sixteen years. The respondent will also pay the sum of $125 to the petitioner's counsel as his fee for his services in this case.

W. E. Stubbs,
*Deputy Commissioner.*